UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KATHRYN CURTIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | 1:11-cv-00197-DBH |
| BAILEYVILLE, TOWN OF, et al., | ) ) ) | |
| Defendants | ) | |

## ORDER ON MOTION TO AMEND
### And
## RECOMMENDATION[1] REGARDING REMAND

The plaintiff employees are suing their employers because of the employers' alleged failure to properly set up or fund the employees' participation in the Maine Public Employees Retirement System. The plaintiffs have brought a complaint alleging a statutory violation under 26 M.R.S.A. § 626-A and state common law claims of unjust enrichment and quantum meruit. Additionally, the plaintiffs brought two constitutional claims, alleging due process claims against all of the defendants and an equal protection claim against the Town of Baileyville. The plaintiffs have now filed a motion to amend (Doc. No. 7), seeking leave to file an amended complaint that deletes the federal claims. The defendants object. Both sides apparently assume that if leave to amend is granted, this court will remand the remaining state law claims. However, an amendment to a complaint after removal designed to eliminate a federal question will not defeat federal jurisdiction. Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990). The district court in this situation has discretion to weigh the interest in exercising jurisdiction,

---

[1] There is some debate about a magistrate judge's authority to enter orders on motions to remand. The foolproof approach appears to be that I should offer the Court a recommendation in this situation. See, e.g., Vogel v. U. S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("agree[ing] with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts"); Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008); Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992) (identifying the issue but seeing no need "to enter the fray at th[e] time").

alongside the interests of economy, convenience, fairness, and comity.  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988);  28 U.S.C. § 1441(c).   Among the factors the court should consider is whether the plaintiff has engaged in manipulative tactics by deleting the federal claims.  Id. at 357.

It is apparent from the defendants' pleading that they do not, in theory, object to the dismissal of the federal claims.  Their objection concerns the remand of this case to the state court.  The plaintiffs, on the other hand, seek to dismiss their federal constitutional claims to avoid the likelihood that they will face expensive dispositive motions in this court directed at those very counts.  They also seek a remand of the action in order to avail themselves of the mandatory mediation process available in the state court.  At this early stage of the proceeding it certainly does not appear that the plaintiffs' voluntary dismissal of the federal claims is "manipulative," in the sense of being a dilatory tactic or an unwarranted expense.  Indeed, the opposite is true, because as the plaintiffs point out, it is not an uncommon practice to remand pendant state law claims if all federal claims are dismissed on early dispositive motions, even after expensive and time consuming motion practice.  This court has recently endorsed the notion of "remanding what was left . . . to the state court for resolution."  Bradbury v. GMAC Mortg., LLC, 2:10-cv-00458-DBH, 2011 WL 553750, *1 & n.6, 2011 U.S. Dist. Lexis 15934, *2-3 & n.6 (D. Me. Feb. 16, 2011) (Dec. and Order on Mot. to Remand) (retaining case for resolution of state claims because "there is undisputably . . . diversity of citizenship as to the last three counts," but noting that remand of state claims would be in order if there were resolution of all federal claims and no diversity).

If the plaintiffs want to amend their complaint and dismiss the federal claim I will grant their motion to do so.  I would also recommend in this instance that the remaining counts be

remanded to the state court because the subject matter of this lawsuit, the obligations of a municipality under a state retirement plan contract known as a "Participating Local District Plan," is uniquely a matter of state law and there is no basis to assert federal jurisdiction other than the constitutional claims. The contractual interrelationship between such a plan and the Maine Public Employees Retirement System is best addressed by the courts of the State of Maine. The federal constitutional underpinnings of such a contractual claim are murky, at best, and the plaintiffs' decision to abandon what they describe as "peripheral" federal claims is certainly reasonable.

My only concern about remanding the case in this situation is that later in the lawsuit plaintiffs could theoretically move to amend their complaint in state court to reassert the constitutional claims. But I see no evidence that such a tactic is intended by this motion to amend. Of course, if they reasserted the federal claims in state court, the defendants would once again have the right to effectuate a timely removal and the matter would present itself in an entirely different posture. If the plaintiffs are agreeable that their amended complaint can be treated as a dismissal with prejudice of all federal claims, then there is absolutely no reason that I can see not to remand these state law claims to the Maine court from whence it came. If the plaintiffs do not assent to the treatment of the matter as a dismissal with prejudice, it is still a discretionary decision as to whether this court wishes to retain the case on the federal docket.

## Conclusion

Based upon the foregoing I now grant the motion to amend. I also recommend that the court remand the remaining counts to state court, and, with the plaintiffs' assent, note in the order of remand that all federal constitutional claims have been dismissed with prejudice.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 21, 2011